| | |
|---|---|
| Lonnie D. Giamela (SBN 228435)<br>E-Mail: lgiamela@fisherphillips.com<br>Bronte Mehdian (SBN 334026)<br>E-Mail: bmehdian@fisherphillips.com<br>FISHER & PHILLIPS LLP<br>444 South Flower Street<br>Suite 1500<br>Los Angeles, California 90071<br>Telephone: (213) 330-4500<br>Facsimile: (213) 330-4501 | Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>7/09/2025 3:59 PM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By D. Kim, Deputy Clerk |

Attorneys for Defendants
KROENKE SPORTS HOLDING, LLC (erroneously sued as KROENKE SPORTS & HOLDINGS, LLC), KROENKE SPORTS AND ENTERTAINMENT, LLC (erroneously sued as KROENKE SPORTS & ENTERTAINMENT, LLC), SKYCAM, LLC, KSE SPORTSMAN MEDIA, INC., KSE OUTDOOR SPORTSMAN GROUP, LLC, KSE MEDIA VENTURES, LLC, ALTITUDE SPORTS AND ENTERTAINMENT, LLC (erroneously sued as ALTITUDE SPORTS & ENTERTAINMENT, LLC), KEIRSTIN BECK

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

| | |
|---|---|
| LYNETTE JONES,<br><br>   Plaintiff,<br><br> v.<br><br>KROENKE SPORTS HOLDING, LLC (erroneously sued as KROENKE SPORTS & HOLDINGS, LLC), KROENKE SPORTS AND ENTERTAINMENT, LLC (erroneously sued as KROENKE SPORTS & ENTERTAINMENT, LLC), SKYCAM, LLC, KSE SPORTSMAN MEDIA, INC., KSE OUTDOOR SPORTSMAN GROUP, LLC, KSE MEDIA VENTURES, LLC, ALTITUDE SPORTS AND ENTERTAINMENT, LLC (erroneously sued as ALTITUDE SPORTS & ENTERTAINMENT, LLC), KEIRSTIN BECK, and DOES 1 to 100, inclusive,<br><br>   Defendants. | CASE NO.: 25STCV16980<br>*Assigned for all purposes to the Honorable Gary D. Roberts Dept. 73*<br><br>**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES**<br><br>Complaint Filed: June 11, 2025<br>Trial Date:  TBD |

Defendants KROENKE SPORTS HOLDING, LLC (erroneously sued as KROENKE SPORTS & HOLDINGS LLC), KROENKE SPORTS AND ENTERTAINMENT, LLC (erroneously sued as KROENKE SPORTS & ENTERTAINMENT, LLC), SKYCAM, LLC, KSE SPORTSMAN MEDIA, INC., KSE OUTDOOR SPORTSMAN GROUP, LLC, KSE MEDIA VENTURES, LLC, ALTITUDE SPORTS AND ENTERTAINMENT, LLC (erroneously sued as ALTITUDE SPORTS & ENTERTAINMENT, LLC), and KEIRSTIN BECK (collectively "Defendants") respond to Plaintiff LYNETTE JONES' ("Plaintiff") Complaint as follows:

## ANSWER

Pursuant to California Code of Civil Procedure section 431.30, subdivision (d), Defendants generally deny each and every allegation and cause of action in Plaintiff's unverified Complaint, and further specifically deny that Plaintiff has been damaged in any sum or sums whatsoever by reason of any alleged act(s) or omission(s) of Defendants, their employees, agents, or anyone else allegedly acting on their behalf.

## FIRST AFFIRMATIVE DEFENSE

1. Plaintiff is estopped by her conduct from recovering any relief sought in the Complaint, or in any purported cause of action alleged therein.

## SECOND AFFIRMATIVE DEFENSE

2. By her conduct, Plaintiff has waived any right to recover any relief sought in the Complaint, or in any purported cause of action alleged therein.

## THIRD AFFIRMATIVE DEFENSE

3. Plaintiff's claims are barred by the doctrine of unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

4. Plaintiff is guilty of undue delay in filing and prosecuting this suit, and accordingly, this action is barred by laches.

## FIFTH AFFIRMATIVE DEFENSE

5. The acts of the other named defendants of which Plaintiff complains were all undertaken outside the scope of their agency and/or employment with Defendants and without the knowledge or consent of this Defendants and thus Defendants may not be held liable therefor.

**SIXTH AFFIRMATIVE DEFENSE**

6. To the extent Plaintiff suffered any symptoms of mental or emotional distress or injury, they were the result of a pre-existing psychological disorder or alternative concurrent cause, and not the result of any act or omission of Defendants.

**SEVENTH AFFIRMATIVE DEFENSE**

7. Plaintiff's claims are barred by Plaintiff's failure to exhaust administrative remedies and/or internal grievance procedures.

**EIGHTH AFFIRMATIVE DEFENSE**

8. There existed legitimate, non-discriminatory, and non-retaliatory reasons for the alleged acts of Defendants of which Plaintiff complains.

**NINTH AFFIRMATIVE DEFENSE**

9. The alleged acts of which Plaintiff complains were based on reasonable factors other than race, color, national origin, ancestry, sex, religion, creed, gender, marital status, age, sexual orientation, or any other prohibited factor.

**TENTH AFFIRMATIVE DEFENSE**

10. Even if there was discrimination against Plaintiff (which Defendants deny), Plaintiff would have been terminated anyway.

**ELEVENTH AFFIRMATIVE DEFENSE**

11. Plaintiff failed to cooperate in the process of reasonable accommodation.

**TWELFTH AFFIRMATIVE DEFENSE**

12. Plaintiff's claims are barred because her perception of conduct alleged to constitute harassment was not reasonable.

**THIRTEENTH AFFIRMATIVE DEFENSE**

13. Defendants exercised reasonable care to prevent and promptly correct any allegedly harassing behavior.

**FOURTEENTH AFFIRMATIVE DEFENSE**

14. Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendants or to avoid harm otherwise.

**FIFTEENTH AFFIRMATIVE DEFENSE**

15. Plaintiff's reasonable use of Defendants' procedures to prevent and/or correct the allegedly harassing behavior would have prevented all or some of the alleged harm she claims to have suffered.

**SIXTEENTH AFFIRMATIVE DEFENSE**

16. Plaintiff's claims are barred because the actions complained of were protected by the free speech provisions of the First Amendment to the United States Constitution.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

17. Plaintiff did not exercise ordinary care on her own behalf, and her own acts and omissions proximately caused and/or contributed to the loss, injury, damage, or detriment alleged by Plaintiff, and Plaintiff's recovery from Defendants, if any, should be reduced in proportion to the percentage of Plaintiff's negligence or fault.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

18. Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part by Plaintiff's failure to mitigate her damages.

**NINETEENTH AFFIRMATIVE DEFENSE**

19. There did not exist an employment relationship between various Defendants and Plaintiff.

**TWENTIETH AFFIRMATIVE DEFENSE**

20. If it is found that Defendants' actions were motivated by discriminatory or retaliatory reasons and also non-discriminatory or non-retaliatory reasons (which Defendants deny), the non-discriminatory or non-retaliatory reasons would have inducted Defendants to make the same decisions. (*Harris v. City of Santa Monica*, 56 Cal.4th 203 (2013).)

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

21. Any recovery on Plaintiff's Complaint or any purported cause of action alleged therein is barred in whole or in part by after-acquired evidence which independently justified Plaintiff's termination.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

22. Plaintiff is not entitled to recover punitive or exemplary damages from Defendants on the grounds that any award of punitive or exemplary damages would violate Defendants' constitutional rights under the Due Process Clauses of the Fifth and Fourteenth Amendments of the United States Constitution.

**WHEREFORE**, these answering Defendants pray as follows:

1. That Plaintiff take nothing by her Complaint for damages;

2. That Plaintiff's Complaint herein be dismissed in its entirety with prejudice;

3. That Defendants recover their costs of suit herein, including its reasonable attorneys' fees; and

4. That the Court award such other and further relief as it deems appropriate.

Dated: July 9, 2025                                FISHER & PHILLIPS LLP

By: _____
Lonnie D. Giamela
Bronte Mehdian

Attorneys for Defendants
KROENKE SPORTS HOLDING, LLC (erroneously sued as KROENKE SPORTS & HOLDINGS, LLC), KROENKE SPORTS AND ENTERTAINMENT, LLC (erroneously sued as KROENKE SPORTS & ENTERTAINMENT, LLC), SKYCAM, LLC, KSE SPORTSMAN MEDIA, INC., KSE OUTDOOR SPORTSMAN GROUP, LLC, KSE MEDIA VENTURES, LLC, ALTITUDE SPORTS AND ENTERTAINMENT, LLC (erroneously sued as ALTITUDE SPORTS & ENTERTAINMENT, LLC), KEIRSTIN BECK

# PROOF OF SERVICE
## (Code Civ. Proc., §§ 1013, 1013a, 2015.5.)

I, the undersigned, am over the age of 18 years and not a party to this action. I am employed in the County of Los Angeles with the law offices of Fisher & Phillips LLP and its business address is 444 South Flower Street, Suite 1500, Los Angeles, California 90071.

On July 9, 2025, I served the following document(s) **DEFENDANTS' ANSWER AND AFFIRMATIVE DEFNSES** on the person(s) listed below as follows:

| | |
|---|---|
| Carney R. Shegerian<br>Mahru Madjidi<br>SHEGERIAN & ASSOCIATES, INC.<br>320 North Larchmont Boulevard<br>Los Angeles, California 90004 | Attorneys for Plaintiff<br>LYNETTE JONES<br><br>Telephone Number: (310) 860 0770<br>Facsimile Number: (310) 860 0771<br>CShegerian@Shegerianlaw.com<br>MMadjidi@Shegerianlaw.com |

☒ **[by MAIL]** - I enclosed the document(s) in a sealed envelope or package addressed to the person(s) whose address(es) are listed above and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in Los Angeles, California, in a sealed envelope with postage fully prepaid.

☐ **[by OVERNIGHT DELIVERY]** - I enclosed the document(s) in an envelope or package provided by the overnight delivery carrier, FedEx, and addressed to the person(s) at the address(es) listed above. I then placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of FedEx.

☐ **[by ELECTRONIC SERVICE]** - Based on a court order or an agreement of the parties to accept service by electronic transmission, I electronically served the document(s) to the person(s) at the electronic service address(es) listed above.

☐ **[by ELECTRONIC SERVICE]** - Based on a court order and agreement of the parties to accept service through the electronic service provider, [     ], I electronically transmitted the document(s) through [     ]'s website to the electronic service address(es) listed above.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on July 9, 2025, at Los Angeles, California.

*/s/ Nora Martinez*
Nora Martinez